UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:
Danielle Williams and                                      Chapter 7
Emmett Williams,                                           Case No. 18-42792
      Debtors.                                        Hon. Phillip J. Shefferly

_____/


**OPINION AND ORDER GRANTING IN PART
DEBTOR'S MOTION FOR CONTEMPT AND
SANCTIONS AGAINST SEVENTH AVENUE, INC.**


On March 2, 2018, the Debtors filed this Chapter 7 case. They disclosed a debt

owed to "Seventh Avenue" on Schedule E/F, and included Seventh Avenue on the

matrix. The certificate of notice of chapter 7 bankruptcy case indicates that Seventh

Avenue received notice of the case on March 3, 2018 by the Bankruptcy Noticing

Center. On June 11, 2018, Emmett Williams ("Debtor") filed a motion for contempt

and sanctions against Seventh Avenue, Inc. ("Seventh Avenue") and a certificate of

service of the motion on Seventh Avenue. Even though Seventh Avenue did not file

a response to the motion, the Court denied the motion without prejudice due to various

deficiencies in the motion and the documents supporting the motion.

On September 11, 2018, the Debtor filed a second motion ("Motion") (ECF

No. 27) for contempt and sanctions against Seventh Avenue and a certificate of

service of the Motion on Seventh Avenue. Attached to the Motion are copies of three letters that Seventh Avenue sent to the Debtor post-petition, plus a declaration signed by the Debtor. Each of the letters demands payment for a pre-petition debt. The Motion asks for an award of $2,000.00 in compensatory damages, $4,000.00 in punitive damages, and $2,500.00 in attorneys' fees and costs.

Seventh Avenue did not file a response to the Motion. The Court therefore infers that Seventh Avenue does not disagree with the facts recited in the Motion. After reviewing the Motion, the documents attached to the Motion, and the applicable law, the Court has decided to grant some, but not all, of the relief requested.

Although the Motion seeks a finding of "contempt," a finding of contempt requires a showing that the offending party violated a specific order of the Court. See Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716, 720 (6th Cir. 1996) (holding that the moving party must prove (1) knowledge (2) of a "definite and specific order of the court" that (3) required the performance or non-performance of a particular act or acts, and (4) failure to comply or perform). The Motion does not identify any specific order that Seventh Avenue violated.

However, the Motion correctly states that § 362(k) of the Bankruptcy Code provides that an individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate

circumstances, may recover punitive damages." A willful violation of the stay requires that the creditor knew of the stay, yet took some intentional act in violation of the stay. See TranSouth Financial Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (citations omitted).

Section 362(a)(6) of the Bankruptcy Code prohibits any act to collect a claim against the debtor that arose before the commencement of the case. The three letters sent by Seventh Avenue all tried to collect a pre-petition claim against the Debtor. The record establishes that Seventh Avenue had notice of the bankruptcy case and that it acted intentionally by mailing these three letters to the Debtor. Section 362(k) requires the award of actual damages.

The only actual damages alleged in the Motion are attorneys' fees in the amount of $2,500.00. Attorneys' fees and costs are included in, and not separate from, actual damages. Attached to the Motion is a statement of the legal services provided by the Debtor's attorneys, and a declaration from the Debtor's attorneys attesting to its accuracy.

Section 329 authorizes the Court to review the attorneys' fees to determine the reasonable value of the services. This applies to attorneys of Chapter 7 debtors, even though they are not professionals appointed under the Bankruptcy Code. See In re Henkel, 408 B.R. 699, 701 (Bankr. N.D. Ohio 2009) ("Under § 329, a bankruptcy

court is authorized to review fees received by a debtor's attorney, whether or not the attorney applies for compensation pursuant to § 330.") (citing <u>Rittenhouse v. Eisen</u>, 404 F.3d 395, 397 (6th Cir. 2005)).

The statement of attorneys' time attached as exhibit 2 to the Motion shows that two attorneys spent a total of 6.25 hours at $400.00 per hour discussing Seventh Avenue's actions and drafting, reviewing and editing the Motion. The Court understands that this was all caused by Seventh Avenue's actions. But, in the Court's experience, 6.25 hours at $400.00 per hour — which is definitely on the high side for an hourly rate in a consumer bankruptcy matter — is a bit excessive for the services rendered in representing the Debtor in connection with Seventh Avenue's stay violations. The Court finds that five hours is a reasonable amount of time for the services described, and that $300.00 per hour is a reasonable hourly rate for such services. That produces reasonable attorneys' fees of $1,500.00.

The Motion also alleges that the Debtor suffered anxiety and stress on account of Seventh Avenue's collection efforts. Damages for emotional distress may be awarded if proved. However, emotional injury is not "compensable under section 362[(k)] when there is no financial loss to hitch it to . . . ." <u>Aiello v. Providian Financial Corp.</u>, 239 F.3d 876, 881 (7th Cir. 2001). Emotional distress that is "fleeting, inconsequential, and medically insignificant [ ] is not compensable." <u>In re</u>

Skeen, 248 B.R. 312, 319 (Bankr. E.D. Tenn. 2000) (internal quotation marks and citation omitted) (finding no evidence that the debtor "sought medical relief" or "that the anxiety she suffered rendered her incapable of going about her daily routine"). The Motion neither alleges nor documents any financial loss as a result of the Debtor's anxiety and stress. The Court declines to award any damages for emotional distress.

Finally, the Motion requests an award of punitive damages in the amount of $4,000.00. Section 362(k) allows for an award of punitive damages "in appropriate circumstances." "Although courts are required to award actual damages to an injured plaintiff for violations of the automatic stay, the imposition of punitive damages is left to the court's discretion." Hunt v. United States (In re Tyson), 450 B.R. 754, 766 (Bankr. W.D. Tenn. 2011) (citation omitted). If actual damages are insufficient to deter deliberate and repeated violations of the stay, the Court may award punitive damages. See Archer v. Macomb County Bank, 853 F.2d 497 (6th Cir. 1988); Hunt v. United States (In re Tyson), 450 B.R. 754, 766 (Bankr. W.D. Tenn. 2011) (finding that courts "are generally reluctant to award punitive damages under § 362(k) and will typically do so only in cases that "involve conduct that is egregious, vindictive or intentionally malicious," or "when there is a strong showing that the creditor acted in

bad faith or otherwise undertook their actions in reckless disregard of the law") (citing

In re Bivens, 324 B.R. 39, 42-43 (Bankr. N.D. Ohio 2004)).

The Motion alleges and documents three letters sent by Seventh Avenue, asking

for immediate payment of a $255.41 debt, and warning of potential embarrassing calls

from a collection agency and that being placed in collection may result in the inability

to obtain future credit. The last letter is dated May 11, 2018. The Motion was filed

on September 11, 2018, and does not allege or document any collection activity after

May 11, 2018. Nor does the Motion allege any other unlawful collection activity

either in this case or in any other cases. Because Seventh Avenue violated the stay

repeatedly on three separate occasions rather than just one, the record warrants the

imposition of punitive damages to deter it from violating the stay in the future, either

in this case or in any others, but not the $4,000.00 requested by the Debtor. In the

circumstances of this case, the Court finds that an award of $500.00 in punitive

damages is appropriate to deter further stay violations. Accordingly,

**IT IS HEREBY ORDERED** that the Motion is granted in part to the extent set

forth in this order.

**IT IS FURTHER ORDERED** that the Debtor is awarded, and Seventh Avenue is

directed to promptly pay to the Debtor, $1,500.00 in actual damages for attorneys'

fees, and $500.00 in punitive damages.

-6-

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to enforce this order and to consider an award of additional damages if it comes to the Court's attention that Seventh Avenue willfully violates the automatic stay again.

**Signed on October 03, 2018**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**